1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

7
8
9
10
11
12
13
14
15

| | |
|---|---|
| **IN RE HANIF M. SHAIKH,** | Case No.: 11-CV-06273 YGR |
| Debtor. | |
| **HANIF M. SHAIKH and DENNIS YAN,** | **ORDER AFFIRMING ORDER OF BANKRUPTCY COURT AWARDING SANCTIONS** |
| Appellants, | |
| vs. | |
| **DIVP HOSPITALITY VALLEJO, LLC,** | |
| Appellee. | |

16      Attorney Dennis Yan ("Yan") and his client, Debtor Hanif M. Shaikh ("Shaikh"), appeal a

17  bankruptcy order awarding Rule 9011 sanctions of $5,000.00 to DIVP Hospitality Group, LLC

18  ("DIVP").

19      Having carefully considered the briefs submitted and the record on appeal, for the reasons

20  set forth below, the Court hereby **AFFIRMS** the Sanctions Award.[1]

21  **I.      BACKGROUND**

22      Yan and his client, Shaikh, commenced two consecutive bankruptcy cases that listed real

23  property at 300 Fairgrounds Drive in Vallejo, California ("Vallejo Property"). In the first, *In re*

24  *Cairo Investments, LLC*, the bankruptcy court terminated the automatic stay to allow a scheduled

25  foreclosure by DIVP to proceed. (Bankr. Dkt. No. 47, Exs. 1, 2.) Schedule A to this bankruptcy

26  indicated that Cairo Investments, LLC had a fee simple interest in the Vallejo Property valued at

27

28  ---
[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

1    $2,500,000.00.  (*See In re Cairo Investments, LLC*, Bankr. Pet. No. 11-32011, Dkt. No. 1, at 6.)

2    Two days later, the day before DIVP's foreclosure sale on the Vallejo Property, Appellants filed the

3    second case, *In re Hanif Shaikh*.  (Bankr. Dkt. No. 47, Ex. 1 at 2.)  In this personal bankruptcy case,

4    Shaikh included the same Vallejo Property on his Schedule A indicating his interest was through

5    "cairo investments, LLC," and was valued at $3,000,000.00 (--$500,000 more than two days prior).

6    (Bankr. Dkt. No. 1, at 7.)  As a consequence, DIVP was forced to reschedule its foreclosure sale

7    and file a motion for relief from the automatic stay.  (Transcript from Hearing on Emergency

8    Motion for Relief from Stay ("Transcript"), Bankr. Dkt. No. 20, at 7:9-10.)

9        At the hearing on DIVP's motion for relief from the stay, Bankruptcy Judge Montali

10    ("Judge Montali") questioned Yan regarding the inclusion of the Vallejo Property on Schedule A to

11    Shaikh's bankruptcy.  Yan told the court that his client, Shaikh, wanted to "liquidate his holdings

12    and this [Vallejo] property."  (*Id*. at 3:13-14.)  Judge Montali then asked Yan: "He [Shaikh] doesn't

13    own the property.  Right?" to which Yan replied, "That's correct."  (*Id*. at 3:17-18.)  Judge Montali

14    confirmed that Yan understood the difference among various corporate forms and that Yan himself

15    prepared the Schedule at issue.  (*Id*. at 3:25-4:15.)

16        Despite this interchange, Yan maintained the request for a continuance of the hearing on the

17    motion for relief from stay so that an "appraisal" of the listed Vallejo Property could be conducted

18    (*id*. at 6:12-17), presumably for Shaikh's benefit.  Yan confirmed that the "Debtor believe[d]

19    there's more than enough equity in the property."  (*Id*. at 5:8-11.)  Judge Montali granted DIVP's

20    request for relief from the automatic stay and permitted DIVP to foreclose upon the Vallejo

21    Property.  (*Id*. at 6:24-25.)

22        At the same hearing, Judge Montali stated that he found Attorney Yan's conduct in listing

23    the Vallejo Property on Shaikh's bankruptcy schedule "unacceptable" and warned Yan that "if the

24    creditor or some party in interest wants to bring a motion for obstructionist behavior and mischief,"

25    Yan should be prepared to defend himself.  (*Id*. at 6:20-23.)  DIVP later moved under Federal Rule

26    of Bankruptcy Procedure 9011, for sanctions against Yan and Shaikh, alleging that Shaikh's

27    bankruptcy filing was frivolous and in bad faith.  (Motion for Sanctions, Bankr. Dkt. No. 46.)

28

1    Pursuant to Federal Rule of Bankruptcy Procedure Rule 9011(b)(1), Judge Montali

2  sanctioned Yan and Shaikh, jointly and severally, $5,000.00 finding that they filed Shaikh's

3  bankruptcy to frustrate DVIP's efforts to foreclose on property not owned by Shaikh and that such

4  conduct was "not justified" but done in "bad faith."  (Order Granting Motion for Sanctions, Bankr.

5  Dkt. No. 57.)  Judge Montali determined that Attorney Yan did not make an "inquiry reasonable

6  under the circumstances," and "his and [Shaikh's] conduct was done 'to harass . . . [and] cause

7  unnecessary delay'" to DIVP.  (*Id.*)  Yan and Shaikh appeal the order awarding Rule 9011

8  sanctions.

9  **II.    STANDARD OF REVIEW**

10    This Court reviews a bankruptcy court's order imposing sanctions under Bankruptcy Rule

11  9011 for abuse of discretion.  *See Price v. Lehtinen (In re Lehtinen)*, 564 F.3d 1052, 1058 (9th Cir.

12  2009); *In re Brooks-Hamilton*, 400 B.R. 238, 245 (B.A.P. 9th Cir. 2009).  A court abuses its

13  discretion "if it base[s] its ruling on an erroneous view of the law or on a clearly erroneous

14  assessment of the evidence."  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) (holding

15  Rule 11 sanctions reviewed for abuse of discretion).  Findings of fact are reviewed for "clear error,"

16  and should only be set aside if the reviewing court has "a definite and firm conviction that a

17  mistake has been committed."  *Brooks-Hamilton*, *supra*, 400 B.R. at 245.

18  **III.   DISCUSSION**

19    **A.    BASIS FOR IMPOSITION OF SANCTIONS.**

20    The first inquiry before this Court is whether the bankruptcy judge abused his discretion

21  under Federal Rule of Bankruptcy 9011 by sanctioning Yan and his client, Shaikh, for improperly

22  filing a bankruptcy petition to protect property not owned by Shaikh.  Rule 9011(b) requires that a

23  petition, pleading, or other paper "is not being presented for any improper purpose, such as to

24  harass or to cause unnecessary delay or needless increase in the cost of litigation."  Fed. R. Bankr.

25  P. 9011(b)(1).  The Court finds that the bankruptcy judge used the appropriate standard to evaluate

26  the Appellants' conduct.

27    Judge Montali found that the claim of ownership in the Vallejo Property was "irresponsible"

28  and "obstructionist," and that Yan acted in a manner that pretended that the automatic stay was in

1   effect.  (Transcript at 3:21-23.)  Judge Montali reasonably inferred from the timing of the filing of

2   the bankruptcy petition, the various claims of ownership in the Vallejo Property, and Yan's

3   responses at the hearing that Yan and Shaikh intended to stop DIVP's foreclosure sale.  Having

4   reasonably inferred that Shaikh's bankruptcy petition was filed for the sole purpose of delaying the

5   foreclosure sale, Judge Montali correctly applied Rule 9011 when he imposed sanctions.

6          Based on the foregoing analysis, the Court concludes that Judge Montali did not abuse his

7   discretion by imposing sanctions.

8          **B.     AMOUNT OF THE SANCTION IMPOSED.**

9          Next, the Court reviews whether the $5,000.00 sanction imposed against Yan and Shaikh,

10  jointly and severally, was excessive.

11         DIVP requested fees and costs of $9,587.37.  The court, after taking the motion under

12  advisement, awarded sanctions of $5,000.00.  DIVP's two attorneys working on the matter were an

13  attorney with twenty years of experience with a billing rate of $350.00 per hour and an attorney

14  with nine years of experience with a billing rate of $275.00 per hour.  (Motion for Sanctions at 8.)

15  DIVP included a detailed time sheet of the attorneys' time spent seeking relief from the automatic

16  stay.  The billing rates are reasonable as were the amounts billed.  Judge Montali soundly exercised

17  his discretion in fixing the amount of sanctions against Yan and Shaikh at less than the full amount

18  incurred to counter appellants' filings.

19         Based on the foregoing analysis, the Court finds that the amount of the sanction was not

20  excessive.

21  **IV.    CONCLUSION**

22         For the reasons set forth above, the decision of the bankruptcy judge is **AFFIRMED**.

23         **IT IS SO ORDERED**.

24

25  **Date:September 5, 2012**                    _____

26                                               **YVONNE GONZALEZ ROGERS**
                                                 **UNITED STATES DISTRICT COURT JUDGE**

27

28

4