**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE HANIF M. SHAIKH,<br><br>    Debtor.<br><br>―――――――――――――――――<br>HANIF M. SHAIKH and DENNIS YAN,<br><br>    Appellants,<br><br>    vs.<br><br>DIVP HOSPITALITY VALLEJO, LLC,<br><br>    Appellee. | Case No.: 11-CV-06273 YGR<br><br><br><br>**ORDER AFFIRMING ORDER OF BANKRUPTCY COURT AWARDING SANCTIONS** |

Attorney Dennis Yan ("Yan") and his client, Debtor Hanif M. Shaikh ("Shaikh"), appeal a bankruptcy order awarding Rule 9011 sanctions of $5,000.00 to DIVP Hospitality Group, LLC ("DIVP").

Having carefully considered the briefs submitted and the record on appeal, for the reasons set forth below, the Court hereby **AFFIRMS** the Sanctions Award.[1]

**I.     BACKGROUND**

Yan and his client, Shaikh, commenced two consecutive bankruptcy cases that listed real property at 300 Fairgrounds Drive in Vallejo, California ("Vallejo Property"). In the first, *In re Cairo Investments, LLC*, the bankruptcy court terminated the automatic stay to allow a scheduled foreclosure by DIVP to proceed. (Bankr. Dkt. No. 47, Exs. 1, 2.) Schedule A to this bankruptcy indicated that Cairo Investments, LLC had a fee simple interest in the Vallejo Property valued at

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

$2,500,000.00.  (*See In re Cairo Investments, LLC*, Bankr. Pet. No. 11-32011, Dkt. No. 1, at 6.) Two days later, the day before DIVP's foreclosure sale on the Vallejo Property, Appellants filed the second case, *In re Hanif Shaikh*.  (Bankr. Dkt. No. 47, Ex. 1 at 2.)  In this personal bankruptcy case, Shaikh included the same Vallejo Property on his Schedule A indicating his interest was through "cairo investments, LLC," and was valued at $3,000,000.00 (--$500,000 more than two days prior). (Bankr. Dkt. No. 1, at 7.)  As a consequence, DIVP was forced to reschedule its foreclosure sale and file a motion for relief from the automatic stay.  (Transcript from Hearing on Emergency Motion for Relief from Stay ("Transcript"), Bankr. Dkt. No. 20, at 7:9-10.)

At the hearing on DIVP's motion for relief from the stay, Bankruptcy Judge Montali ("Judge Montali") questioned Yan regarding the inclusion of the Vallejo Property on Schedule A to Shaikh's bankruptcy.  Yan told the court that his client, Shaikh, wanted to "liquidate his holdings and this [Vallejo] property."  (*Id*. at 3:13-14.)  Judge Montali then asked Yan: "He [Shaikh] doesn't own the property.  Right?" to which Yan replied, "That's correct."  (*Id*. at 3:17-18.)  Judge Montali confirmed that Yan understood the difference among various corporate forms and that Yan himself prepared the Schedule at issue.  (*Id*. at 3:25-4:15.)

Despite this interchange, Yan maintained the request for a continuance of the hearing on the motion for relief from stay so that an "appraisal" of the listed Vallejo Property could be conducted (*id*. at 6:12-17), presumably for Shaikh's benefit.  Yan confirmed that the "Debtor believe[d] there's more than enough equity in the property."  (*Id*. at 5:8-11.)  Judge Montali granted DIVP's request for relief from the automatic stay and permitted DIVP to foreclose upon the Vallejo Property.  (*Id*. at 6:24-25.)

At the same hearing, Judge Montali stated that he found Attorney Yan's conduct in listing the Vallejo Property on Shaikh's bankruptcy schedule "unacceptable" and warned Yan that "if the creditor or some party in interest wants to bring a motion for obstructionist behavior and mischief," Yan should be prepared to defend himself.  (*Id*. at 6:20-23.)  DIVP later moved under Federal Rule of Bankruptcy Procedure 9011, for sanctions against Yan and Shaikh, alleging that Shaikh's bankruptcy filing was frivolous and in bad faith.  (Motion for Sanctions, Bankr. Dkt. No. 46.)

Pursuant to Federal Rule of Bankruptcy Procedure Rule 9011(b)(1), Judge Montali sanctioned Yan and Shaikh, jointly and severally, $5,000.00 finding that they filed Shaikh's bankruptcy to frustrate DVIP's efforts to foreclose on property not owned by Shaikh and that such conduct was "not justified" but done in "bad faith." (Order Granting Motion for Sanctions, Bankr. Dkt. No. 57.) Judge Montali determined that Attorney Yan did not make an "inquiry reasonable under the circumstances," and "his and [Shaikh's] conduct was done 'to harass . . . [and] cause unnecessary delay'" to DIVP. (*Id.*) Yan and Shaikh appeal the order awarding Rule 9011 sanctions.

## II.   STANDARD OF REVIEW

This Court reviews a bankruptcy court's order imposing sanctions under Bankruptcy Rule 9011 for abuse of discretion. *See Price v. Lehtinen (In re Lehtinen)*, 564 F.3d 1052, 1058 (9th Cir. 2009); *In re Brooks-Hamilton*, 400 B.R. 238, 245 (B.A.P. 9th Cir. 2009). A court abuses its discretion "if it base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) (holding Rule 11 sanctions reviewed for abuse of discretion). Findings of fact are reviewed for "clear error," and should only be set aside if the reviewing court has "a definite and firm conviction that a mistake has been committed." *Brooks-Hamilton*, *supra*, 400 B.R. at 245.

## III.   DISCUSSION

### A.   BASIS FOR IMPOSITION OF SANCTIONS.

The first inquiry before this Court is whether the bankruptcy judge abused his discretion under Federal Rule of Bankruptcy 9011 by sanctioning Yan and his client, Shaikh, for improperly filing a bankruptcy petition to protect property not owned by Shaikh. Rule 9011(b) requires that a petition, pleading, or other paper "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R. Bankr. P. 9011(b)(1). The Court finds that the bankruptcy judge used the appropriate standard to evaluate the Appellants' conduct.

Judge Montali found that the claim of ownership in the Vallejo Property was "irresponsible" and "obstructionist," and that Yan acted in a manner that pretended that the automatic stay was in

effect. (Transcript at 3:21-23.) Judge Montali reasonably inferred from the timing of the filing of the bankruptcy petition, the various claims of ownership in the Vallejo Property, and Yan's responses at the hearing that Yan and Shaikh intended to stop DIVP's foreclosure sale. Having reasonably inferred that Shaikh's bankruptcy petition was filed for the sole purpose of delaying the foreclosure sale, Judge Montali correctly applied Rule 9011 when he imposed sanctions.

Based on the foregoing analysis, the Court concludes that Judge Montali did not abuse his discretion by imposing sanctions.

### B. AMOUNT OF THE SANCTION IMPOSED.

Next, the Court reviews whether the $5,000.00 sanction imposed against Yan and Shaikh, jointly and severally, was excessive.

DIVP requested fees and costs of $9,587.37. The court, after taking the motion under advisement, awarded sanctions of $5,000.00. DIVP's two attorneys working on the matter were an attorney with twenty years of experience with a billing rate of $350.00 per hour and an attorney with nine years of experience with a billing rate of $275.00 per hour. (Motion for Sanctions at 8.) DIVP included a detailed time sheet of the attorneys' time spent seeking relief from the automatic stay. The billing rates are reasonable as were the amounts billed. Judge Montali soundly exercised his discretion in fixing the amount of sanctions against Yan and Shaikh at less than the full amount incurred to counter appellants' filings.

Based on the foregoing analysis, the Court finds that the amount of the sanction was not excessive.

## IV. CONCLUSION

For the reasons set forth above, the decision of the bankruptcy judge is **AFFIRMED**.

**IT IS SO ORDERED**.

Date: September 5, 2012

                                                    _____
                                                    YVONNE GONZALEZ ROGERS
                                                    UNITED STATES DISTRICT COURT JUDGE